HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY KIM WHITE,

    Plaintiff,

v.

KORY SHAFFER, et al.,

    Defendants.

CASE NO. C13-5952 RBL

ORDER

[Dkt. #s 7, 33, 35, and 37]

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. #7], and on Plaintiff White's Motions to Strike Defendant's Reply [Dkt. #33], for a Preliminary Injunction and TRO [Dkt. #35], and for a Partial Default Judgment [Dkt. #37].

The case arises from White's arrest, and his claim that the Defendants violated his constitutional rights when they arrested him. He also claims that the Defendants "stole" his property during their search of his home. Defendant argues that none of the claims are viable.

White's Motion for Default erroneously claims that the Defendants must file an answer despite the pendency of their Motion to Dismiss. The **Motion for Partial Default [Dkt. #37] is DENIED**.

The Motion to Strike similarly relies on a Rule—Rule 12(f)—which relates to "pleadings" (Complaints, Answers, Counterclaims, and the like). The Motion to Strike is frivolous, and the Federal Rule it relies upon does not relate to motion practice. Nor can it be granted under the correct rule, LCR 7, because the material he cites does not meet that Rule's standard. That **Motion [Dkt. #33] is also DENIED**.

Plaintiff's Motion for a Preliminary Injunction appears to claim that the Defendants are not permitting him unfettered access to the law library. He also claims that they searched his cell, which he claims was in retaliation for his refusal to take a "CD" class so that he, in turn, could work on legal matters. [Dkt. #s 35, 37]

To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Plaintiff White has not cited this standard, and has not sought to demonstrate that any of these elements are present here. White has not met his burden of establishing any likelihood of success on the merits and his **Motion for a Preliminary Injunction and TRO [Dkt. #35] is DENIED**.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

White is apparently incarcerated following his conviction for cocaine distribution. His Complaint alleges that the Defendants negligently left his home and property unsecured after

1  they searched it and took him into custody, in violation of his Fourth Amendment and other
2  rights.
3        Defendants' Motion to Dismiss argues that White cannot demonstrate that any state
4  action led to the loss of his property, and that mere negligence cannot amount to a constitutional
5  claim. They seeks dismissal of White's *Monell* "supervisor liability" claims because he has not
6  supported those claims with any factual allegations, and dismissal of the claims against the
7  Sheriff's Department because it is not an entity amenable to suit. They also argue that there is no
8  civil cause of action for alleged violations of the Washington Constitution, and that White failed
9  to comply with the state statute governing negligence claims.
10       In response, Plaintiff filed an amended complaint, which is similar to the first but adds
11 the claim that the deputies violated his rights by failing to comply with the procedural
12 requirements of CrR2.3(d), relating to "leaving his personal property secured." He also flatly
13 accuses the deputies if stealing his property and stealing and using his debit card. Plaintiff's
14 response to the Defendants Motion on the merits of his remaining claims argues that state action
15 did lead to the loss of his property, that the officers were negligent, and that the Sheriff's office is
16 a viable defendant. He cites habeas authority for the proposition that he has "exhausted" his
17 remedies against the county, apparently in an effort to avoid compliance with the state claims-
18 filing statute.
19       This latter argument is novel, but unsupported legally, factually, or logically.
20 Washington's claim-filing statute, RCW 4.96.020, requires at the very least substantial[1]
21 compliance with its pre-claim notice procedures. Plaintiff does not claim that he followed these

---

[1] The filing deadlines require strict compliance. The substantive claims requirements require only "substantially" compliance.

procedures, or that he was somehow prevented from doing so. He did not, and his negligence claim against Pierce County is facially deficient. That claim is DISMISSED.

Plaintiff's new CrR 2.3 argument is similarly flawed. There is no authority for the claim that the failure to follow the procedural rule amounts to a cognizable constitutional claim. That claim is DISMISSED.

Plaintiff's state constitutional claims are also flawed. It is clear that there is not a private right of action, akin to a §1983 claim for violations of federal constitutional rights, available under the Washington Constitution. *See Blinka v Washington State Bar Association,* 109 Wn. App. 575, 26 P.3d 1094 (2001). His claims for violations of the Washington Constitution are DISMISSED.

Finally, Plaintiff has not and cannot plausibly claim that any "state action" led to the loss of his property. He admits as much, claiming that the officers were negligent, allowing unknown third parties to steal his belongings. The viability of his §1983 federal constitutional claims depends on the plausible claim that a state actor was responsible for the loss. Plaintiff White has not made and cannot make such a claim. *See Bonner v Coughlin*, 545 F.2d 56 (7th Cir. 1976). Nor can mere negligence amount to a constitutional violation, and that is all that White has actually alleged. *See Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff White's United States constitutional claims are also deficient as a matter of law, and they too are DISMISSED.

//

//

//

//

1  The Defendant's **Motion to Dismiss [Dkt. #7] is GRANTED**, and all of Plaintiff's

2  claims are DISMISSED with prejudice.

3  IT IS SO ORDERED.

4  Dated this 20th day of March, 2014.

　　　　　　　　　　　　　　　　　　　　／s／ Ronald B. Leighton
　　　　　　　　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE